## JOHNSON v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9790.   Decided March 25, 1929

Harold T Gassoway, for Johnson.
L O Payne, Cleveland, for City.

**SULLIVAN, J.**

It is well settled law that the doctrine of reasonable doubt employed in criminal cases applies vitally to the question of knowledge upon the part of the accused, so that upon this question, under the rule of law universally adopted, if under all the circumstances upon this question there is a reasonable hypothesis of innocence fairly and justly derivable from the entire record in the case, the law prevents a verdict of guilty.

Again, upon the question of unlawful possession there must be evidence of sufficient legal strength that the person accused had such physical control and custody of the liquor that the logical result of it would be unlawful possession of the same.

It appears from the record that the automobile was halted by an officer of the law on account of the speed of same, and that in connection with this incident, a search and seizure of the liquor were made but without the authority of a search and seizure warrant. While the lack of this warrant would not of itself alone discharge the accused from guilt, inasmuch as an automobile cannot be treated in the same light as a bona fide home, yet, it is an incident in the case which cannot be entirely ignored.

Our unanimous judgment is that on the question of the commission of the offense the record is obviously impregnated with reasonable doubt and while the accused may possibly be guilty of the offense charged, it is our unanimous judgment that the record admits of too much uncertainty to form a conviction by applying the rules of the criminal law.

Thus it appears that upon the question of the ownership of the car and the further issue of guilty knowledge there is no challenge in the record excepting the circumstance of a bottle of whiskey being found in the rear of the car owned by the brother of the accused who was using the car apparently under the authority of the brother who had control and possession of the machine. With this state of the record there is no question about the same being permeated with uncertainty and doubt.

Thus holding the judgment of the lower court is reversed and inasmuch as the record shows the ultimate facts, the plaintiff in error is discharged.

Vickery, PJ and Levine, J, concur.